IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRIAN EWERS,**<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**COLUMBIA MEDICAL CLINIC, HOANG NGUYEN, AARON WILLIAMS, LYNNE MY NGUYEN,** and **ALEXANDRA GRAY,**<br><br>　　　　　Defendants. | Case No. 3:23-cv-0009-IM<br><br>**OPINION AND ORDER GRANTING INDIVIDUAL DEFENDANTS' MOTION TO DISMISS** |

Brian M. Ewers. 745 NW Hoyt St., Portland, OR 97208. Pro Se Plaintiff.

Christopher E. Hawk, Gordon Rees Scully Mansukhani LLP, 1300 SW 5th Ave., Suite 2000, Portland, OR 97201. Attorney for Defendants Columbia Medical Clinic, Hoang Nguyen, Aaron Williams, Lynne My Nguyen, and Alexandra Gray.

**IMMERGUT, District Judge.**

　　　Before this Court is Hoang Nguyen, Aaron Williams, Lynne My Nguyen, and Alexandra Gray's (collectively, the "Individual Defendants") Motion to Dismiss. ECF 33. The Individual Defendants ask this Court to dismiss all claims brought against them by Plaintiff Brian Ewers ("Plaintiff"), a pro se litigant. *Id.* at 2. For the following reasons, this Court finds that Plaintiff

PAGE 1 – ORDER GRANTING INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

has failed to state a claim under Title III of the Americans with Disabilities Act ("ADA"). Accordingly, the Individual Defendants' Motion to Dismiss, ECF 33, is GRANTED. Plaintiff's claims against the Individual Defendants, as well as Defendant Columbia Medical Clinic, are dismissed without prejudice.

## BACKGROUND

In his Complaint, Plaintiff alleges that Defendants refused to proceed with a medical appointment on March 31, 2022 because Plaintiff stated that he would not wear a face mask. ECF 2 at 4.[1] Plaintiff alleges that he was "having difficulty breathing . . . while wearing the covid face mask because of [his] disability involving [chronic obstructive pulmonary disease]." *Id.* Plaintiff alleges that after being told that he could not proceed with his medical appointment unless he wore a mask, he "left" and "swung a door open quite emotionally allowing it to hit a wall behind it." *Id.* Following this incident, Plaintiff states that Defendants terminated his care, which Plaintiff further alleges left him in a "constant state of pain" due to an existing chronic back condition. *Id.* at 12; ECF 2-1 at 1.

Plaintiff alleges that "[a]s a result, from being unable to get any help . . . with preventative care" related to his back condition following his March 31, 2022 medical appointment, Plaintiff's "spine finally gave out during a work shift" on November 9, 2022. ECF 2 at 4–5. Plaintiff states that he has been unable to return to work since that date. *Id.* at 5. Plaintiff also alleges that he has suffered from "nearly constant flashbacks" caused by post-traumatic stress disorder ("PTSD") which was "triggered by wearing the mask and being denied

---

[1] On March 27, 2023, Plaintiff filed a document with this Court titled "Extended Pleadings." ECF 19 at 1. Plaintiff also filed accompanying documents. ECF 19-1. A review of ECF 19 and ECF 19-1 reveal these documents filed by Plaintiff on March 27, 2023 are identical to his original Complaint and exhibits filed at ECF 2 and ECF 2-1. This Court will refer to Plaintiff's original Complaint and exhibits.

health care." *Id.* Plaintiff seeks monetary damages in the amount of $2,880 per month from November through to current or "until new employment is obtained," as well as a civil penalty of $75,000 "or injunction to see care for prevention of medical emergency." *Id.* Plaintiff also seeks an "[a]nswer" explaining whether he can return to Columbia Medical Clinic for treatment and asks for release of his medical records to his current care provider. *Id.*

On January 11, 2023, pursuant to 28 U.S.C. § 1915(e)(2), this Court screened Plaintiff's Complaint to determine whether Plaintiff stated a facially plausible claim. ECF 6. This Court liberally construed Plaintiff's Complaint as stating a claim under Title III of the ADA. *Id.* at 6. The Individual Defendants then moved to dismiss Plaintiff's Complaint for failing to state a claim upon which relief can be granted or, in the alternative, to strike Plaintiff's request for damages. ECF 33.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not,

PAGE 3 – ORDER GRANTING INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678).

Federal courts hold a pro se litigant's pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (internal quotation marks and citation omitted). "A document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (emphasis omitted) (internal quotation marks and citation omitted).

## DISCUSSION

The Individual Defendants seek dismissal of Plaintiff's claims on two grounds. First, the Individual Defendants argue that Plaintiff has not stated a Title III ADA Claim against any of the Individual Defendants. ECF 33 at 8. Second, the Individual Defendants argue that an individualized assessment was conducted and Plaintiff was determined to be a direct threat to the health and safety of others, such that no public accommodation was required under Title III of

the ADA. *Id.* at 10. This Court agrees with the Individual Defendants on both grounds, and accordingly dismisses Plaintiff's claims without prejudice.[2]

**A. Plaintiff's Failure to Serve Columbia Medical Clinic**

As an initial matter, this Court must first address Plaintiff's failure to serve Columbia Medical Clinic, a named defendant in this case. Although Plaintiff's Complaint names Columbia Medical Clinic as a defendant in the caption of his complaint, ECF 2 at 1, this Court notes that Plaintiff does not list Columbia Medical Clinic as a party to the complaint, *id.* at 2–3, and has yet to serve Columbia Medical Clinic as a defendant, ECFs 13–15.

Federal Rule of Civil Procedure 4(m) states that if a defendant is not served within 90 days after the complaint is filed, a court must do one of two things: it must either "dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Because this Court grants the Individual Defendants' motion to dismiss without prejudice, this Court also dismisses the action without prejudice as to Columbia Medical Clinic.

**B. Plaintiff's Motion for Judicial Notice**

Next, this Court must consider Plaintiff's Motion for Judicial Notice, which Plaintiff filed concurrently with his Response in Opposition to the Individual Defendants' Motion to Dismiss. ECF 38; *see also* ECF 37, Exs. 1–7. In his Motion, Plaintiff asks this Court to take judicial notice

---

[2] The Individual Defendants also moved, in the alternative, to strike Plaintiff's request for damages, arguing that damages are not available in private suits under Title III of the American's With Disabilities Act ("ADA"). ECF 33 at 13–14. Because this Court dismisses Plaintiff's complaint in its entirety, it declines to consider the Individual Defendant's motion to strike. However, to the extent that Plaintiff wishes to amend his complaint, this Court notes that monetary damages are not available in private suits under Title III of the ADA. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)).

PAGE 5 – ORDER GRANTING INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

of seven exhibits. ECF 38.[3] For the reasons state below, this Court DENIES Plaintiff's Motion for Judicial Notice in its entirety. This denial is without prejudice, and Plaintiff may attempt to cure the defects noted here should he wish to renew the motion at some later date.

When ruling on a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court may not consider matters outside the pleadings—such as party declarations, medical reports, or government websites—without converting the motion to a motion for summary judgment under Federal Rule of Civil Procedure 56. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). There are two exceptions to this rule. The first is that a court may consider by incorporation "material which is properly submitted as part of the complaint." *Id.* The second allows a court to take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." *Id.* at 688–89; *see* Fed. R. Evid. 201(b). A court may deny a party's request for judicial notice where the party fails to provide information to the court about the contents or relevance of the facts to be judicially noticed. *See Wise v. City of Portland*, 539 F. Supp. 3d 1132, 1143 n.8 (D. Or. 2021).

Plaintiff fails to provide any information with respect to Exhibit 4, Exhibit 5, Exhibit 6, and Exhibit 7. *See generally* ECF 38. Accordingly, this Court finds that it cannot judge whether the facts are of public record and not subject to reasonable dispute. *See Lee*, 250 F.3d at 688. This Court accordingly denies Plaintiff's Motion for Judicial Notice with respect to Exhibits 4–7.

---

[3] This Court notes that, in addition to Plaintiff's request for judicial notice, Plaintiff attached several documents to his complaint. *See generally* ECF 2-1. In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court may consider documents attached to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Accordingly, this Court considers those documents Plaintiff attached to his complaint, but will not consider Plaintiff's extrinsic exhibits submitted outside of his complaint.

PAGE 6 – ORDER GRANTING INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

Plaintiff does provide this Court with some information about Exhibit 1, Exhibit 2, and Exhibit 3. ECF 38 at 1–2. Plaintiff argues that Exhibit 1 is "business registry copies of COLUMBIA MEDICAL CLINIC, PC from the Secretary of State web site [sic]." *Id.* at 1. In his response to the Individual Defendants' Motion to Dismiss, Plaintiff argues that this document shows that "Mr[.] Hoang Nguyen is the registered agent, president, secretary, officer and supervising physician registered with the secretary of state" for Columbia Medical Clinic. ECF 37 at 12. But, as the Individual Defendants point out in their reply, the first two pages of Exhibit 1, which do appear to come from a government website, are from a filing dated September 13, 2011. *See* ECF 37, Ex. 1 at 1–2. The alleged violations that form the basis of Plaintiff's complaint occurred on March 31, 2022. ECF 2 at ¶ 1. Plaintiff has not offered any argument or evidence as to why a filing from eleven years before the alleged violation is relevant to this Court's inquiry. Accordingly, this Court declines to take judicial notice of Exhibit 1.

Plaintiff argues that Exhibit 2 is a "memo from Oregon Health Authority on ADA accommodations." ECF 38 at 2. "It is appropriate to take judicial notice of . . . information . . . made publicly available by government entities" where "neither party disputes the authenticity of the web sites [sic] or the accuracy of the information displayed therein." *Daniels-Hall*, 629 F.3d at 998–99. The Individual Defendants argue that the authenticity of this document is disputed because Plaintiff fails to identify the source of this document and does not state whether it exists on a government website or was obtained elsewhere. ECF 42 at 3. This Court agrees. Without any identifying information—including where and when the memorandum was issued, and where Plaintiff obtained the version of the memorandum submitted to this Court—this Court cannot adequately assess the authenticity of the document as required to take judicial notice under Federal Rule of Evidence 201.

PAGE 7 – ORDER GRANTING INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

Finally, Exhibit 3 is an ECF docket and an appellant's reply brief for the case *Witt v. Bristol Farms*, No. 21-56331 (9th Cir.). ECF 37-3; Appellant's Reply Brief, *Witt v. Bristol Farms*, No. 21-56331 (9th Cir. May 21, 2023). This document contains legal argument, not judicially noticeable facts. Judicial notice is only appropriate for adjudicative facts. Fed. R. Evid. 201. Adjudicative facts resolve factual disputes pertaining to the elements of the claims at issue in a particular case. *See Perry v. Brown*, 671 F.3d 1052, 1075 (9th Cir. 2012), *vacated sub nom. Hollingsworth v. Perry*, 570 U.S. 693 (2013) ("Adjudicative facts are . . . the types of 'facts that go to a jury in a jury case,' or to the factfinder in a bench trial.") (citation omitted). Exhibit 3 does not contain facts that relate to the dispute between the parties in the present case. Accordingly, this Court declines to take judicial notice of Exhibit 3.

Plaintiff's Motion for Judicial Notice, ECF 38, is therefore DENIED in its entirety. As stated above, this denial is without prejudice, and Plaintiff may renew the motion at a later date. Plaintiff is advised that renewing the motion without correcting the defects outlined above will result in dismissal of the motion with prejudice.

**C.  Individual Liability under Title III of the ADA**

Plaintiff's Complaint alleges that "Defendants at Columbia Medical Clinic refuse[d] to comply with Title II of the [Americans with Disabilities Act ("ADA")]." ECF 2 at ¶ 15. Individual Defendants are private individuals working within that clinic medical clinic. Because Defendants are private entities that operate a public accommodation, Plaintiff's claim arises under Title III of the ADA, not Title II as alleged in Plaintiff's Complaint. *See* 42 U.S.C. § 12182(a); *see PGA Tour, Inc. v. Martin*, 532 U.S. 661, 681–82 (2001) ("42 U.S.C. § 12182(a) sets forth Title III's general rule prohibiting public accommodations from discriminating against individuals because of their disabilities."). This Court does not find this error to be fatal to

Plaintiff's claim, as this Court must hold a pro se litigant's complaint "to less stringent standards than formal pleadings drafted by lawyers." *Eldridge*, 832 F.2d at 1137.

Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . ." 42 U.S.C. § 12182(a). Discrimination is defined, in part, as "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities . . . ." § 12182(b)(2)(A)(ii); *see also Martin*, 532 U.S. at 683 n.38. To prevail on a discrimination claim under Title III, a plaintiff must show that (1) they are disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability. *Arizona ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir. 2010).

Individual liability under Title III of the ADA is limited. Title III of the ADA prohibits discrimination "by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Plaintiff's complaint does not allege that any of the Individual Defendants own, lease, or operate Columbia Medical Center. Plaintiff, in his response, notes that "Columbia Medical Clinic is a well known [sic] and well established [sic] urgent care medical clinic in the Portland area, and the business can easily be seen and construed to be a place of public accommodation." ECF 37 at 7. It may be true that Columbia Medical Center is a place of public accommodation, but that is not sufficient to show that the Individual Defendants "own[], lease[], or operate[]" Columbia Medical Center. *See* 42 U.S.C. § 12182(a).

PAGE 9 – ORDER GRANTING INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

Within the Ninth Circuit, an individual operates a place of public accommodation if they "put or keep in operation," "control or direct the functioning of," or "conduct the affairs of; manage." *Lentini v. Cal. Cntr. for the Arts, Escondido*, 370 F.3d 837, 849 (9th Cir. 2004). Plaintiff's complaint does not include any facts to support the inference that Defendants Hoang Nguyen, Lynne My Nguyen, or Alexandra Gray were in a position to ensure nondiscrimination by controlling or directing the operations at Columbia Medical Clinic. Indeed, Plaintiff's complaint does not mention Defendant Hoang Nguyen outside of listing this defendant in the case caption, ECF 2 at 1, and as a party to the complaint, *id.* at 2. With respect to Defendant Gray, Plaintiff's complaint alleges only that she acted as his primary care provider, not that she was in a position to control operations at the clinic. *Id.* at 4. Moreover, though Defendant Gray told Plaintiff that he was required to wear a mask for his appointment, there are no allegations that Gray directed or controlled the mask policy. *Id.* at ¶¶ 1–3.

Plaintiff's complaint suffers from the same deficiencies with respect to Defendant Lynne My Nguyen. Plaintiff appears to claim that Defendant Lynne My Nguyen works as the office manager at Columbia Medical Clinic. ECF 2 at 7. Apart from her title, however, Plaintiff's complaint contains no allegations that Defendant Lynne My Nguyen directed or controlled Columbia Medical Clinic's mask policy.

Plaintiff's complaint does refer to Defendant Aaron Williams as "the Director of Operations." *Id.* at ¶ 6; *see also* ECF 2-1, Ex. 18. Assuming that Defendant Williams' title is enough to show that he "operates" Columbia Medical Clinic, this Court nonetheless finds that Defendant Williams has shown that the direct threat defense applies to the present case, as explained more fully below.

PAGE 10 – ORDER GRANTING INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

**D. Direct Threat Defense**

The ADA explicitly states that "[n]othing in this subchapter shall require an entity to permit an individual to participate in or benefit from the goods, services, facilities, privileges, advantages and accommodations of such entity where such individual poses a direct threat to the health or safety of others." 42 U.S.C. § 12182(b)(3). "The ADA's direct threat provision stems from the recognition . . . of the importance of prohibiting discrimination against individuals with disabilities while protecting others from significant health and safety risks, resulting, for instance, from a contagious disease." *Bragdon v. Abbott*, 524 U.S. 624, 649 (1998). The Department of Justice's regulations and guidance further clarifies:

> In determining whether an individual poses a direct threat to the health or safety of others, a public accommodation must make an individualized assessment, based on reasonable judgment that relies on current medical knowledge or on the best available objective evidence, to ascertain: The nature, duration, and severity of the risk; the probability that the potential injury will actually occur; and whether reasonable modifications of policies, practices, or procedures or the provision of auxiliary aids or services will mitigate the risk.

28 C.F.R. § 36.208(b).

In support of their direct threat argument, the Individual Defendants ask this Court to take judicial notice of four documents which are each dated on or before March 31, 2022, the date of the alleged incident: O.A.R. § 33-019-1001, the State of Oregon's Masking Requirements to Control COVID-19 in Health Care Settings, as well as three Centers for Disease Control and Prevention ("CDC") guidelines regarding masking in health care settings and the transmission of COVID-19. ECF 33, Exs. 1–4. In his response to the Individual Defendant's motion to dismiss, Plaintiff appears to contest the accuracy of the statements contained in the CDC guidelines. Accordingly, this Court takes judicial notice of only of the existence of these documents and not the facts contained therein.

PAGE 11 – ORDER GRANTING INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

These documents support the Individual Defendant's argument that an individualized assessment was made regarding the threat that Plaintiff posed. The Individual Defendant's individualized assessment was whether Plaintiff was wearing a mask, and whether allowing Plaintiff to proceed with his appointment without a masking would pose a direct threat. *Witt v. Bristol Farms*, No. 21-cv-0411-BAS-AGS, 2021 WL 5203297, at *7 (S.D. Cal. Nov. 9, 2021). That assessment was "based on reasonable judgment that relies on current medical knowledge or on the best available objective evidence." 28 C.F.R. § 36.208(b); *see also Giles v. Sprouts Farmers Market, Inc.*, No. 20-cv-2131-GPC-JLB, 2021 WL 2072379, at *5 (S.D. Cal. May 24, 2021) ("[T]he public accommodation can consider public health authorities, including the Centers for Disease Control" in conducting an individualized assessment).

In short, the Individual Defendants were aware that, at the time that Plaintiff refused to wear a mask, the leading public health authority in the country recommended masking in public health settings to prevent the spread of COVID-19. The Individual Defendants were also aware of a statewide mask mandate requiring patients to wear masks in public health settings. The Individual Defendants, based on this understanding, assessed whether Plaintiff's desire to be treated unmasked posed a direct threat, and determined that it did. They have therefore shown that the direct threat defense applies to Plaintiff's Title III claim.

## CONCLUSION

For the foregoing reasons, the Individual Defendants' Motion to Dismiss, ECF 33, is GRANTED. Plaintiff's claims against the Individual Defendants and Defendant Columbia Medical Clinic are dismissed without prejudice and with leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that the "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant.") (internal citation omitted).

This Court notes that Plaintiff's initial complaint is now inoperative, and that Plaintiff must file an amended complaint should he wish to continue this action. Plaintiff's amended complaint should conform with the requirements of Federal Rule of Civil Procedure 8 and clearly set forth the legal basis for Plaintiff's claims as well as factual allegations to support those claims. Plaintiff has 30 days to file an amended complaint should he choose to do so, otherwise this case will be dismissed.

**IT IS SO ORDERED.**

DATED this 31st day of August, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge