IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRIAN M. EWERS,** | Case No. 3:23-cv-0009-IM |
| Plaintiff, | **OPINION AND ORDER GRANTING INDIVIDUAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |
| v. | |
| **COLUMBIA MEDICAL CLINIC; HOANG NGUYEN; AARON WILLIAMS; LYNNE MY NGUYEN; ALEXANDRA GRAY; NGUYEN PROFESSIONAL CENTER, LLC; and LANH VO,** | |
| Defendants. | |

Brian M. Ewers. 745 NW Hoyt St., Portland, OR 97208. Pro Se.

Christopher E. Hawk, Kim McClendon, and David Wayne Corneil, Gordon Rees Scully Mansukhani LLP, 1300 SW 5th Ave., Suite 2000, Portland, OR 97201. Attorney for Defendants Columbia Medical Clinic, Hoang Nguyen, Aaron Williams, Lynne My Nguyen, and Alexandra Gray.

**IMMERGUT, District Judge.**

Before this Court is Hoang Nguyen, Aaron Williams, Lynne My Nguyen, and Alexandra

Gray's (collectively, the "Individual Defendants") Renewed Motion to Dismiss Plaintiff's

Amended Complaint ("MTD"), ECF 50. Incorporating the briefing from their initial Motion to

PAGE 1 – ORDER GRANTING INDIVIDUAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Dismiss, ECF 33, the Individual Defendants ask this Court to dismiss all claims brought against them by Plaintiff Brian Ewers, a pro se litigant. MTD, ECF 50 at 1–3. For the following reasons, this Court finds that Plaintiff has failed to state a claim under Title III of the Americans with Disabilities Act ("ADA"). Accordingly, the Individual Defendants' Renewed Motion to Dismiss, ECF 50, is GRANTED. Plaintiff's claims against the Individual Defendants, including Lanh Vo, as well as Defendants Columbia Medical Clinic and Nguyen Professional Center, LLC, are dismissed with prejudice.

## BACKGROUND

In his Amended Complaint, Plaintiff alleges that Defendants refused to proceed with a medical appointment on March 31, 2022 because Plaintiff stated that he would not wear a face mask as required by Columbia Medical Clinic's mask policy. Amended Complaint ("Am. Compl."), ECF 48 at 3.[1] Plaintiff alleges that he was "having difficulty breathing . . . while wearing the covid face mask because of [his] disability involving [chronic obstructive pulmonary disease]." *Id.* Plaintiff alleges that after being told that he could not proceed with his medical appointment unless he wore a mask, he "left" and "[swung] the door open . . . hard." *Id.* at 14–15. He claims that he was "triggered by [his] [post-traumatic stress disorder ("PTSD")] from having difficulty breathing" and was "experiencing symptoms from flashbacks, which affected [his] ability to behave rationally" when he left the clinic. *Id.* at 14. Following this incident, Plaintiff states that Defendants terminated his care "due to inappropriate behavior." *Id.* at 15.

Plaintiff alleges that "[a]s a result of being denied health care, and being unable to get any help . . . with preventative care" related to his back condition following his March 31, 2022

---

[1] Because pages have been omitted from the original document, citations here follow the ECF pagination located at the tops of the pages.

medical appointment, Plaintiff's "spine finally gave out during a work shift" on November 9,

2022. *Id.* at 4. Plaintiff states that he has been unable to return to work since that date. *Id.*

Plaintiff also alleges that he has suffered from "nearly constant flashbacks" caused by PTSD

which was "triggered by wearing the mask and being denied health care." *Id.* Plaintiff seeks

monetary damages in the amount of $2,880 per month from November through to current or

"until new employment is obtained," as well as a civil penalty of $75,000 "or injunction to see

care for prevention of medical emergency." *Id.* Plaintiff also seeks an "[a]nswer" explaining

whether he can return to Columbia Medical Clinic for treatment and asks for release of his

medical records to his current care provider. *Id.*

On January 11, 2023, pursuant to 28 U.S.C. § 1915(e)(2), this Court screened Plaintiff's

Complaint to determine whether Plaintiff stated a facially plausible claim. ECF 6. This Court

liberally construed Plaintiff's Complaint as stating a claim under Title III of the ADA. *Id.* at 6.

The Individual Defendants then moved to dismiss Plaintiff's Complaint for failing to state a

claim upon which relief can be granted or, in the alternative, to strike Plaintiff's request for

damages. ECF 33. This Court granted that motion and dismissed Plaintiff's Complaint without

prejudice. ECF 43. Plaintiff filed an Amended Complaint on October 23, 2023, ECF 48, and the

Individual Defendants subsequently filed the instant Motion, ECF 50.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim may be granted only when there is no

cognizable legal theory to support the claim or when the complaint lacks sufficient factual

allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs.,*

*Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual

allegations, the court must accept as true all well-pleaded material facts alleged in the complaint

and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678).

Federal courts hold a pro se litigant's pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (internal quotation marks and citation omitted). "A document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (emphasis, internal quotation marks, and citation omitted).

## DISCUSSION

The Individual Defendants seek dismissal of Plaintiff's claims on two grounds. First, the Individual Defendants argue that Plaintiff has still failed to state a Title III ADA claim against any of the Individual Defendants. MTD, ECF 50 at 3. Second, the Individual Defendants argue that "nothing in Plaintiff's Amended Complaint has been plead that would allow him to overcome the ADA's direct threat defense." *Id.* This Court agrees with the Individual Defendants on the first ground, and accordingly dismisses Plaintiff's claims with prejudice.[2]

### A.  Materials for Consideration

When ruling on a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court may not consider matters outside the pleadings—such as party declarations, medical reports, or government websites—without converting the motion to a motion for summary judgment under Federal Rule of Civil Procedure 56. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). However, a court may consider by incorporation "material which is properly submitted as part of the complaint." *Id.* Plaintiff attached material as part of his initial Complaint, ECF 2-1, and his Amended Complaint, ECF 48, and this Court will consider all such material in ruling on the instant Motion.

---

[2] This Court previously dismissed this action without prejudice as to Defendant Columbia Medical Clinic for failure to serve. ECF 43 at 5. Plaintiff still has not served Columbia Medical Clinic, nor has he served two additional parties named in the caption of the Amended Complaint: Nguyen Professional Center, LLC and Lanh Vo. ECF 48 at 1. Because this Court concludes that Plaintiff's allegations fail to state a claim, dismissal of the action with prejudice and as to all Defendants is appropriate. *See Silverton v. Dep't of Treasury of U.S. of Am.*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.").

**B.  Title III of the ADA**

Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). Discrimination is defined, in part, as "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." 42 U.S.C. § 12182(b)(2)(A)(ii); *see also PGA Tour, Inc. v. Martin*, 532 U.S. 661, 683 n.38 (2001). To prevail on a discrimination claim under Title III, a plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability. *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).

**1.  Damages Not Available**

"Damages are not an available remedy to individuals under Title III of the ADA; individuals may receive only injunctive relief." *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014) (citation omitted); *see also Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) ("[A] private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA."). Accordingly, Plaintiff's requests for monetary damages are stricken. This Court will only consider his requests for injunctive relief.

**2.  Individual Liability**

Individual liability under Title III of the ADA is limited. Title III of the ADA prohibits discrimination "by any person who owns, leases (or leases to), or operates a place of public

accommodation." 42 U.S.C. § 12182(a). Within the Ninth Circuit, an individual operates a place of public accommodation if they "put or keep in operation," "control or direct the functioning of," or "conduct the affairs of; manage." *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 849 (9th Cir. 2004) (citation omitted).

Plaintiff's Amended Complaint includes no facts to support the inference that Defendants Lynne My Nguyen or Alexandra Gray were in a position to ensure nondiscrimination by controlling or directing the operations at Columbia Medical Clinic. As for Defendant Gray, Plaintiff's Amended Complaint alleges only that she acted as his primary care provider, not that she was in a position to control operations at the clinic. Am. Compl., ECF 48 at 3, 14, 16. Moreover, though Defendant Gray told Plaintiff that he was required to wear a mask for his appointment, there are no allegations that Defendant Gray directed or controlled the mask policy or any policy relating to terminating patients from Columbia Medical Clinic. Plaintiff's Amended Complaint suffers from the same deficiencies with respect to Defendant Lynne My Nguyen. Plaintiff appears to claim that Defendant Lynne My Nguyen works as the office manager at Columbia Medical Clinic. *Id.* at 7, 9. Apart from her title, however, Plaintiff's Amended Complaint contains no allegations that Defendant Lynne My Nguyen directed or controlled Columbia Medical Clinic's mask policy or any policy related to terminating patients. Plaintiff thus fails to allege facts establishing that Defendants Lynne My Nguyen and Alexandra Gray are liable.

As for the remaining Individual Defendants, Plaintiff's Amended Complaint alleges additional facts suggesting that they own or operate Columbia Medical Clinic. Plaintiff's Amended Complaint refers to Defendant Aaron Williams as "the Director of Operations" who mailed Plaintiff the letter notifying him of his termination as a patient. *Id.* at 15 ¶ 6. And for

PAGE 7 – ORDER GRANTING INDIVIDUAL DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT

Defendant Hoang Nguyen, the materials appended to Plaintiff's Amended Complaint indicate
that he was the president of Columbia Medical Clinic in August 2021 and 2023. ECF 49, Exs. 1,
2. Assuming that Defendant Williams's title and Defendant Nguyen's designation as president
are enough to show that one or both of these Defendants "owns" or "operates" Columbia
Medical Clinic, this Court nonetheless finds that Plaintiff has failed to show he was
discriminated against because of his disability.

### 3. Discriminated Against Because of Disability

As mentioned above, to state a claim of discrimination under Title III, Plaintiff must
show that (1) he is disabled within the meaning of the ADA; (2) the Defendant is a private entity
that owns, leases, or operates a place of public accommodation; and (3) Plaintiff was denied
public accommodations by the Defendant because of Plaintiff's disability. *Arizona ex rel.
Goddard*, 603 F.3d at 670.

This Court notes that the Individual Defendants' briefing for this and the previous Motion
to Dismiss, as well as this Court's previous Opinion and Order, addressed whether Defendants
had discriminated against Plaintiff by requiring him to wear a mask during his appointment and
terminating the appointment when he refused to do so. *See* ECF 33 at 10–13; MTD, ECF 50 at 3;
ECF 43 at 11–12. However, based on Plaintiff's Amended Complaint, it does not appear that
Plaintiff seeks an injunction relating to Columbia Medical Clinic's mask policy. *Cf. Witt v.
Bristol Farms*, No. 21-CV-00411-BAS-AGS, 2021 WL 5203297, at *1 (S.D. Cal. Nov. 9, 2021)
("[Plaintiff] seeks injunctive relief ordering [Defendants] to modify their COVID-19 policy to
accommodate persons with respiratory and breathing disabilities by allowing them to enter the
[Medical Center] without wearing a face mask."). Rather, Plaintiff seeks an injunction relating to
Columbia Medical Clinic's termination of him as a patient, which was due to Plaintiff's conduct

after his appointment was ended because of his refusal to wear a mask. Plaintiff requests "relief for future accommodations in the event of future public emergencies and access to Columbia Medical Clinic's urgent care locations in the event that other facilities are inaccessible due to [his] mobility issues or inclement weather." Am. Compl., ECF 48 at 12 ¶ 6. The following analysis thus focuses on Columbia Medical Clinic's termination of Plaintiff as a patient due to his conduct after his appointment ended, not on the initial requirement that Plaintiff wear a mask during that appointment.

Assuming that Columbia Medical Clinic is a place of public accommodation and Plaintiff is disabled within the meaning of the ADA, Plaintiff has not alleged facts to show he has been or is being denied access to Columbia Medical Clinic *because* of his disability. Instead, the facts alleged by Plaintiff indicate that he was and continues to be denied access because of his conduct after Defendant Gray refused to proceed with his appointment unless he complied with the mask policy. Plaintiff's Amended Complaint includes that he "swung" a "door open . . . hard," and, consistent with Plaintiff's alleged facts, the grievance response he received in connection to his termination as a patient states that he "swung open the exam door banging it into a scale and the wall behind it causing damage." ECF 2-1, Ex. 14. Plaintiff alleges that his conduct was due to PTSD. Am. Compl., ECF 48 at 14 ¶ 3.

Although Plaintiff's reaction to being excluded from the facility may have stemmed from his disability, requiring Columbia Medical Clinic to allow a patient who, by his own admission, lost his "ability to behave rationally" when required to comply with a policy is not "necessary" to afford Columbia Medical Clinic's services or facilities to individuals suffering from Plaintiff's claimed disability, PTSD. Plaintiff's allegations, liberally construed, do not give rise to an inference that he is being excluded because of his disability, as required to state a Title III

discrimination claim. *See Simmons v. Navajo County*, 609 F.3d 1011, 1021 (9th Cir. 2010) (explaining that the plaintiff's exclusion from outdoor recreation after he was placed on suicide watch was due to policies restricting activities of inmates on suicide watch and thus was not because of his depression for purposes of an ADA claim), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc).

## CONCLUSION

For the foregoing reasons, the Individual Defendants' Renewed Motion to Dismiss, ECF 50, is GRANTED. Plaintiff's claims against the Individual Defendants, including Defendant Lanh Vo, and Defendants Columbia Medical Clinic and Nguyen Professional Center, LLC are dismissed with prejudice.

**IT IS SO ORDERED.**

DATED this 22nd day of March, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge